The next matter, No. 24-2042, Demand, Kim v. Todd Blanche. At this time, would the Council of the Petitioner please introduce himself on the record to begin? Good morning, Your Honors. Randy Olin for Mr. Kim. May I reserve two minutes for you?  Thank you very much. In denying Mr. Kim's motion to reopen the Board of Immigration and Appeals committed three specific errors, any and all of which warrant vacating the Board decision. The first is that Mr. Kim asked for reopening based on the Board's sua sponte authority to reopen cases on its own authority. The Board did not do that. The Board analyzed the case pursuant to the law that applies to equitable tolling. Now, the two procedures are similar in some respects, but are very different in others. Excuse me. Is there any authority imposing a requirement for the BIA to explain its rationale not to reopen sua sponte? Well, whether it does or not, I think it has to at least say that they're denying it, but they certainly can't use a completely different legal analysis and say it, and they didn't say it applied to suit. The word sua sponte never appear in the Board's decision. Equitable tolling does. It's very clear that the analysis they undertook was the equitable tolling analysis. As I was saying, there's similar forms of relief, but the prerequisites to obtain it are very different. Perhaps the most important one is there's no requirement to show due diligence with sua sponte reopening. There is for equitable tolling. You have to have due diligence. All you need is an unusual situation, and the most common one for the invocation of sua sponte authority is exactly what we have in this case, which is a conviction that was properly vacated and that no longer exists. Counsel, let me ask you, if suppose we were to agree with you on this sua sponte equitable tolling issue, that you made clear you were seeking to reopen on the basis of sua sponte authority, the BIA did not get it, and on that basis we were to send it back. Would also, in that circumstance, be appropriate to address the merits analysis that they did go on to do? That's the second error, Your Honor. Right. But the first ground would be arguably sufficient to order remand to explore your invocation of sua sponte authority. I think that's absolutely correct. All three of them are, I believe. Would it be appropriate for us, given the adequacy of that basis for remand, to go on to address the merits analysis that the BIA did? I think it would be warranted in the circumstances of the case.  Because it's fundamental. It's absolutely a requirement of the Board's ultimate decision. I understand what you're saying, Judge, and it could certainly be sent back based only on the sua sponte issue. However, we would certainly need to... What if there were no error in the merits analysis? Now, you have an argument there is that I appreciate, but if there were no error in that part, and I agree with you, let's say I agree with you, the equitable tolling is wrong, but the merits analysis would be sustainable, where the Board offers two arguments, would we affirm or deny the petition because the merits argument is sustainable? The merits argument is wrong. But what if it wasn't? I just want to understand that before, because they argue it is. Well, then you would have the third issue to deal with also, Judge, not just the merits of it, but the fact that the Board held that the vacator was not good for immigration purposes because they conflated the issue of the requirements for a vacator with the requirements for a Rhode Island's Rule 48A. The vacating part of it, Judge, obviously has to be a constitutional or substantive or statutory violation. But once that is done, and that's what was done in this case, it couldn't be any clearer that there was a violation of Rule 48A. So the legal error, I just want to make sure I understand what the legal error is on the merits part. The legal error is that the BIA looked behind an order that said there was a Rule 11 violation and put its own gloss on that that's not evident from the face of the state court's order? It's a clearly erroneous decision because when you vacate a conviction, as I said, it has to be done for those proper purposes. But once the conviction is properly vacated based on, as it was in this case, a statutory violation, the case starts all over again. Suppose we were to say that the motion to reopen is clearly based, ask the Board to invoke its sua sponte authority. What is the nature of the analysis that the Board would then have to do to decide whether your client was entitled to the relief that he seeks? Well, for one thing, I'm sorry. And just to make it a little clearer, in what way does the merits decision that they made, how would that issue factor into the kind of analysis the Board would have to do to once instructed that it was dealing with an invocation of a sua sponte authority? I'm looking for a justification for going on to address the merits. What you would offer as the justification for that? Judge, I think for two reasons. First of all, if it went back for a proper sua sponte consideration, due diligence wouldn't matter. Due diligence is not a requirement for sua sponte reopening. How does that fit with PIMMD? How does that fit with PIMMD? Didn't the Court suggest that due diligence can be a factor? They can consider it, I suppose, but PIMMD actually supports what I'm saying because PIMMD says there are no governing standards when it comes to a request for sua sponte authority. There are for equitable tolling and that's what the Board did here. I thought you conceded in your briefing that due diligence is not determinative, but it's a relevant consideration. You conceded that in your briefing. Well, I didn't concede that they had to do it, though. I mean, they can discuss it and it may be relevant to something, but there's no requirement of it. And to answer your question, Judge Lopez, I think for two reasons. Number one, if it goes back for sua sponte consideration, they don't need to discuss due diligence. It does not need to be there. Secondly, I think if the Board had properly made the merits decision and found that this Rule 11 violation was enough and therefore the vacator was proper, they may very well come to a different conclusion. They may say this vacator was okay, and under those circumstances, maybe we're not going to think about due diligence even at all. So the legal error on the merits is what? The legal error is fill it in. May I answer, Judge? Two things. The Board was requiring that due diligence be considered more than the court's order, which clearly shows why the case was vacated. So it misread the court's order? I'm sorry? It misread the court's order? Misunderstood the state court's order? Well, yes. It thought that, and the government is also trying to say that they needed to do more than just... In other words, let me put it this way. There's a Rule 11 violation. The Board and the government think that you have to go beyond that and say, well, what was the basis of the violation? Did the court not tell him that he had a right to cross-examination or a right to elocution or a right to remain silent? None of that matters because the Rule 11 violation is a statutory and constitutional in Rhode Island violation on its face. That's all you need, the violation of Rule 10. It would be helpful to me to understand what that Rule 11 violation was. Because when I took a look at the plea colloquy, it doesn't seem like there's an issue there, at least apparent on its face. So maybe I'm missing something, and you could help me with that. But I'm just curious, what was the Rule 11 violation? I don't think it was ever specified in the court's order. But what was specified, and all that is required, is that there was a Rule 11 violation. And in the court's order, it specifically states that the Fraser case, State v. Fraser, says that Rule 11 embodies the 14th Amendment, was codified to value the 14th Amendment due process concerns. So does that mean that every violation of Rule 11 is a due process violation? The ones that wouldn't be judged are the ones that don't get granted. If there's some kind of a ministerial or irrelevant mistake in the colloquy, you're not going to get your post-conviction application granted. So if it is granted, that's a clear indication that there was a statutory or constitutional violation. If the board had correctly explained, the state court says this was a Rule 11 violation, we understand that. We've gone back and looked at the record, and if there is a Rule 11 violation, we're not sure what it is. And even if we knew what it was, it doesn't seem to be that serious. We're denying sua sponte relief. Could they do that? Absolutely not. In fact, in the Third Circuit case of Rodriguez that I cited in my reply brief, the Third Circuit, under the same circumstances, said, if the state court order explains why they are vacating, and this one does, it's a Rule 11 violation, in the exact words where the inquiry must end there. We don't need to know which part of the colloquy was defective because we know that it was defective. Well, the state court order doesn't simply invoke Rule 11. It also makes a specific, I think you'll agree with this, makes a specific case citation with a parenthetical making clear what the purpose of the Rule was, to formalize the requirements of due process. If that's the case, why does it matter how that procedure, the particular way in which the due process requirements were not met, why does the how even matter? It doesn't matter. That's the Fraser case, of course, that you're referring to. And it doesn't matter. And that's what I was trying to get across when I said, whatever the reason was, failure to say you have a right to LQ or you can cross it, it doesn't matter because what we do have in the order is a clear Rule 11 violation, which under Rhode Island law is both a statutory and a constitutional violation. The other part of the answer to your question, I can save it for my rebuttal if you prefer, is this issue of the conflating what the requirements for vacating a conviction with what comes after that. After the conviction is vacated, the prosecutor, the state of Rhode Island can do whatever they want to do for whatever reason they want to do. If they want to dismiss the case after the vacator is over and done with properly on a legal basis, and they decide it's not worth their time to go forward, they can do that for any reason they want, including equitable reasons. There is not even a hint in this case that the vacator was not based on or was based on equitable concerns or trying to avoid immigration hardships. It's a strictly legal basis for the vacator. And that's the third part that the board got wrong. Thank you. Thank you, Counsel. At this time, would Counsel for the Respondent please introduce herself on the record to begin? Good morning, Your Honors. May it please the Court? Sana Lee, representing the Attorney General. Counsel, I'm not even going to let you take your breath, if you don't mind. I don't see any hint in this decision that the BIA understood that the petitioner was invoking its sua sponte authority. Specifically refers to equitable tolling. It explains why equitable tolling doesn't work. What permits you to argue that there was not that very basic mistake that was made by the board? And we have said in many cases, if the BIA does not understand and does not address the argument that's made to it, and instead disposes of the case on some irrelevant ground in terms of the argument that's made, that's a basis for remanding. Why shouldn't we do that here? Your Honor, the board, as we stated in our brief, it did not say the phrase sua sponte, but it did consider the request, the heart of what the petitioner wanted in his case was for the board to consider the merits of his removability. So the petitioner wanted to reopen the case so that the board could consider whether he was actually removable or not any longer. And the board went on to address the merits of that request, which was the whole reason that he wanted to reopen his case. So the board determined that the petitioner was removable. So in this case, the board correctly addressed the merits of whether the petitioner is removable or not. Well, if that's your position, it sounds to me like we then do have to go on to look very carefully at the merits decision. And I would suggest that that decision is riddled with errors. It purports to dismiss the merits of the petitioner's removal. And I would suggest the significance of the state court order on due process grounds saying, despite what the Frasar case says, despite what the court says about due process being implicated, that that is not a decision that is based, the decision to vacate is based upon a legal, procedural or substantive ground. I don't know how the decision can be read that way. They clearly do conflate the state court decision to vacate with the state court decision to dismiss the charges. The latter did involve equitable considerations, but the decision to vacate did not involve any equitable considerations. So at least on those two grounds, the decision seems to be indefensible on the merits. How do you defend the decision? The board did not conflate the two state court orders. The board was permitted to address what was already in the record. So what was already in the record was the denial of the petitioner's first motion to reopen. And that first motion to reopen was based on... If I'm reading this fairly, what it really seems to say to me is we have on its face something that talks about Rule 11, but we're really choosing not to believe that because there was some earlier thing that was based on the interest of justice, family ties, etc. And so because we don't think the judge put enough meat in the Rule 11 analysis, we are going to be suspicious of it and rely on this other prior ruling. I mean, that's how I read what they're suggesting. But it seems to me that the legal error would be you can't do that. This judge said it's a Rule 11 violation, and the board just can't say, well, we're just going to choose to ignore that, which seems to be what they did. Well, Your Honor, we would respectfully disagree that the board made a legal error here. The consent order that the petitioner filed here in this case, it says... Is there a way to violate Rule 11 that's anything but an inadequate plea colloquy? Well, there's a basis for whether there's a factual... Predicate for the plea. Right. Okay. There's also whether... Let's see. We've got Rule 11 here. They're all bound up with how that proceeding unfolded. And when the judge says there's a Rule 11 violation, that means, in that judge's view, there was some backfire in that proceeding, right? Yes, Your Honor. But in this case, the board reasonably determined that the state order, this consent order, which is basically a contract between the parties, it doesn't specify how the rule was violated, how Rule 11 was violated. And the consent order just... The consent order does not go into effect without a neutral third-party judge endorsing it, correct? Right. The judge did endorse it. And the judge endorsed it as a violation of Rule 11, correct? Well, it just refers to the application for post-conviction relief, which... The judge's order. It refers to the application, which refers to Rule 11. So the order doesn't specifically say... So can... There was an outright violation. So can the BIA look past to determine whether or not it agrees? Obviously, you heard your opposing counsel say, no, you can't look past the face of the order. Do you disagree with that point? Yes, Your Honor. Okay. So it's your view. So what's your best support for the argument that the BIA can look past the face of the order to determine itself whether or not there was a Rule 11 violation? Well, Your Honor, it's the petitioner's burden here to show that his conviction was vacated based on a procedural or substantive defect in his underlying criminal... So if they came forward with this order that on its face identifies a Rule 11 violation, so they're putting that forward to carry their burden, what can... Can the BIA look past that to say, no, we disbelieve you, you didn't satisfy your burden because in reality there was no Rule 11 violation? What's the support for doing that? Your Honor, I think the board can look at, well, the record that the petitioner puts forth and as I mentioned, it is his burden. So in matter of RZAG, the board said, you know, the petitioner's burden is to show that this vacature was based on a procedural or substantive or procedural defect. Well, to meet that obligation, he submits this consent order, which says what it says. You're suggesting, I gather in response to Judge Dunlap's question, that this was not a sufficient basis for establishing the legal requirement that would undermine the ability to undo this conviction for purposes of the Immigration Act. The BIA is free to question whether this was in fact based on some legal ground. That is your position? They can just go behind it as much as they want? Well, Your Honor, I think the board was not convinced. It was skeptical because the consent order doesn't state how the rule was violated and it also references this party's agreement. The consent order discusses the party's agreement between the petitioner and the state of Rhode Island. So there was an agreement which we know nothing about and this is basically this agreement where there were discussions in the chambers in this post-conviction relief. But it says it's specifically the grounds set forth under Supreme Court Rule Procedure 11. And I asked you, is there any way to violate Rule 11 that's not a procedural defect in some way in the change of plea hearing? And I didn't hear you answer that in any way. So it seems to me that when the board says they haven't proven the conviction was based on a procedural defect rather than unrelated matters, how can that be so when it says it's a Rule 11 violation and you haven't told me any way that's not a procedural defect? Your Honor, I think, yes, I don't think that you could actually violate this Rule 11 and not have it be based on a procedural or substantive defect. But I think that the judge, the court in this criminal post-conviction relief matter, there was something more to it than this Rule 11 violation. And that's the surmise of the BIA based on that the prosecutor apparently the first time around was willing to let the case go based on interest of justice considerations. That was one factor, Your Honor. That was one of the factors in the board's decision to determine that Petitioner didn't meet his burden here. So the other factors were that the consent order didn't specify how this Rule 11 was violated. It didn't say outright that there was a due process violation. So there were several factors in the board's decision in determining that Petitioner did not meet his burden. And yes, one of the factors was that the same conviction was already vacated a few years before based on equitable reasons. And that vacature, no, I'm sorry, it wasn't a vacature, it was a dismissal by the State of Rhode Island, was based on equitable reasons. And it was based on the same exact motion, the same January 13, 2020 motion that Petitioner submitted. And that was the same motion that he resubmitted to... And does that motion say something about Rule 11? It vaguely says there was, that the plea colloquy did not comply with Rule 11. Okay, so it's possible, it seems to me there were two ways to grant the motion. One would have been a Rule 11 violation that would require a judge to say this was a backfired Rule 11 proceeding, or this person has done very well and maybe the prosecutor will use his Rule 48 authority to dismiss, which they did, but both things could be true. There was a Rule 11 backfire and there were reasons to dismiss the case. That they agreed to one first doesn't mean the other one's not true. Well, Your Honor, there's nothing in this record here, and it was the Petitioner's burden to show that there was a... Except the state judge saying so. In the, you mean in the most recent order.  Well, Your Honor, there was no finding in this recent order. There's no judicial findings about how this rule was violated. This all does seem to bring me back to the question that I asked, which for you to prevail, it seems to me that you have to have authority to be able to look beyond the face of the Rule 11 order, which might not explain itself, but it does say what it says on the face, so how do you go beyond it? Your Honor, I believe that the Board is permitted to place the burden on the Petitioner. To show that there was a procedural or substantive defect, and it seems that in this case, the Board determined that he did not meet that burden, but if you will allow, I could research that specific question and submit a letter after this oral argument. You're always free to submit a letter, so thank you. Thank you, Your Honors. At this time, would counsel for the Petitioner please reintroduce himself on the record? He has a two-minute rebuttal. Randy Olden for Mr. Kim. Judge Aframe, you can't have a violation of Rule 11 without a procedural error, full stop. But I want to correct something that my sister said about the first vacator order being based on equitable reasons. That is not my understanding at all. In fact, what happened in the case is that the first vacator order was presented to the Board in the first motion to reopen, and the Board determined that it wasn't sufficient. So what Mr. Kim did is he went back, got another lawyer, filed the second motion to vacate, and to clarify the original decision. And that's exactly what the Court did in its order vacating the conviction. Secondly, I would be, with all respect to my sister, I would be remiss, I think, if I didn't mention that. I don't understand. The first one's a dismissal under Criminal Rule 48A that's done by the prosecutor, correct? You know what, Judge, I don't recall exactly, but that doesn't discuss the vacator. That's the dismissal of the case subsequently. And that ended up not being enough for the Board. So the person goes back and says, okay, I'm not happy with that, or that equitable ruling, or decision that the prosecutor made didn't achieve what I wanted. I want a legal ruling or order entered by the Court on my other ground, which is Rule 11. And they get that. I think that's a fair statement of the travel. Finally, again, with respect to my sister, the government in its brief said that the Board did consider sua sponte reopening in its decision, even though that phrase is not mentioned anywhere in the decision, and equitable tolling is. So I'm wondering if it's through clairvoyance or some type of subconscious telepathic type of reasoning that I think she's saying that even if they shouldn't have done the equitable tolling when you get down to the merits, it's the same analysis. And if their merits ruling is right, then why would we be sending this to be redone? I think that's the point. And well, the other part of that is that the case that the government relies on, the Dowd case, for the proposition is somehow that they considered something that they never mentioned at all. In the Dowd case, the Board specifically said we are addressing both equitable tolling and sua sponte reopening. Counselor, just exploring what the justification might be for addressing the merits as part of our decision here. If this goes back to the Board, my understanding is in terms of any argument for ultimate relief, you have to show exceptional circumstances. And that requires under the case law a totality of the circumstances analysis, which I would think would include the merits of your argument that in light of the state court decision to vacate the conviction, your client is no longer guilty of an offense that under the immigration law means he's not entitled to any relief. If we think the Board got it wrong in its merits analysis, what would be the point of ignoring that, having it sent back and they just repeated the same analysis, which would if we think it's wrong, that would seem extremely inefficient to ignore an issue that's before us, have it go back and have that same error ridden analysis repeated. I agree. And I also think that the merits part of it is indispensable to a proper application of sua sponte authority. But even if you prevailed on this, that doesn't mean your client gets relief, right? Under the totality of the circumstances analysis, they can consider the issue of due diligence. They can consider a lot of other stuff. Isn't that correct? So even if you're correct that the vacation of this conviction means he is not guilty of the kind of offense under the immigration law that would disqualify him for relief, that doesn't mean you win, right? Not necessarily. However, as I mentioned earlier, I believe that the most common invocation of sua sponte authority is in connection with convictions that have been vacated, as in this case. So it would be surprising, I think, for the Board to correct the errors that it made in the case and not acknowledge. We have a recent precedent that really rejected that argument. Well, I'm sorry, we're getting in a field here anyhow. But I think we've said that the Board does not have an invariable rule that just because a conviction like this is vacated, that means even under sua sponte authority you get the relief that you're seeking. I think we've rejected that position, have we not? Are you speaking of the Fiammati case? Yeah. I don't think you've rejected that. I agree that it's not a requirement for the Board to give him relief, but certainly not outside the realm of, in my opinion, probability. The bottom line in this case is Mr. Kim's going to be deported on the basis of a conviction that was found to be illegal at its inception and no longer exists. That, to me, is something profoundly important to, I think, even the Board. Thank you, Your Honor. Thank you, Counsel. That concludes argument in this case. Counsel for the next matter can come up to the tables. That's going to be Sosa v. Mass. Department of Correction. Thank you.